UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CARTER SR.,

                Plaintiff,

             -against-

MORGES, NEW YORK STATE CORRECTION OFFICER (MALE MELENDEZ, NEW YORK STATE (MALE HISPANIC) CORRECTION OFFICER; SERGEANT JOHN DOE, MALE WHITE AT DOWNSTATE CORRECTIONAL FACILITY; ALL WHO WORKED 7AM-3PM ON MAY 14, 2019, (3) DEFENDANTS,

                Defendants.

20-CV-3367 (LLS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

      Plaintiff David Carter Sr., currently incarcerated in Great Meadow Correctional Facility (Great Meadow), brings this action *pro se*. Plaintiff has not paid the filing fees or submitted an application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") and a prisoner authorization to bring this action. Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Carter v. New York City John Doe Corr. Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, unless Plaintiff meets the "imminent danger" exception to the "three strikes" rule set forth in § 1915(g), he must pay the filing fees.

      The "imminent danger" exception allows an indigent prisoner who has amassed at least three strikes under § 1915 to proceed IFP with a complaint in which he alleges that he faces

"danger of serious physical injury." *Id*. "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fees if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (stating that "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint is filed) (citation omitted). Further, the complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus*, 554 F.3d at 293. Thus, a court must "consider (1) whether the imminent danger of serious physical injury . . . allege[d] is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298–99. But, although a plaintiff must allege a feared serious physical injury, § 1915(g) presents "only a threshold procedural question," which does not require "an overly detailed inquiry into . . . the allegations." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010).

Plaintiff alleges the following. On May 14, 2019, while he was incarcerated in Downstate Correctional Facility (Downstate), Defendant Morges deliberately pushed him down the stairs, causing him to tumble and fall. Defendant Morges then jumped on top of him and further assaulted him by punching him in the side of his head and face. Defendants Melendez and Sgt. John Doe then dragged Plaintiff out of the stairwell and assaulted him, and then as they led him to the clinic, they assaulted him again. At the clinic, Sgt. John Doe threatened to spray Plaintiff with mace. On April 10, 2020, Plaintiff was transferred from Downstate to Great Meadow. On the day of his transfer, Defendant Morges appeared outside of Plaintiff's cell and said, "you got a problem, every time you come through you got a problem Carter." (ECF No. 1 at 6.)[1] Sgt. John

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

Doe then appeared "with [a] strange look and mace," and told Plaintiff, "we have people at Great Meadow." (*Id.*) Plaintiff does not allege in this complaint that anything has occurred at Great Meadow.

Plaintiff's assertions "do not meet either the timing or the nexus requirement" of the "imminent danger" exception, *Akassy*, 887 F.3d at 97, and he does not seek judicial relief to redress any allegedly unlawful conditions that he continues to face, *Pettus*, 554 F.3d at 299. Instead, Plaintiff's allegations relate to past harms at a different facility. To the extent Plaintiff's complaint can be read as asserting that he is in danger at Great Meadow, those assertions are vague and speculative. Such speculative allegations are insufficient to show that Plaintiff is at imminent risk of serious physical harm. "Plaintiff cannot claim imminent danger from events that occurred in the past, without allegations that they are ongoing or likely to continue in the future." *Antrobus v. Dodecadic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *10 (S.D.N.Y. July 2, 2018). Because Plaintiff does not allege facts suggesting that he was in imminent danger of serious physical harm at the time he filed this complaint, he does not fall within § 1915(g)'s exception. The Court therefore dismisses this action without prejudice under the PLRA's "three-strike" rule. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

Chambers will mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  May 18, 2020
        New York, New York

_____Louis L. Stanton_____
Louis L. Stanton
U.S.D.J.

---

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

4